Jennifer B. Zargarof (SBN 204382)
jzargarof@sidley.com
Aimee G. Mackay (SBN 221690)
amackay@sidley.com
SIDLEY AUSTIN LLP
555 West 5th St., Suite 4000
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Attorneys for Defendant
OMNICARE, INC., a corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARLENE ERVIN,

    Plaintiff,

vs.

OMNICARE, INC., a corporation,

    Defendant.

Civ. No. 2:13-cv-0146-MCE-KJN

**JOINT STIPULATION TO EXTEND DISCOVERY CUT OFF BY 90 DAYS; ORDER THEREON**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 6-144, and this Court's Initial Scheduling Order, Plaintiff Darlene Ervin ("Plaintiff" or "Ervin") and Defendant Omnicare, Inc. ("Defendant" or "Omnicare") (together, "the Parties"), through their respective counsel of record, hereby stipulate that the Parties would benefit from an extension of the discovery cut off in this action, and therefore respectfully request that this Court issue an order extending the time to complete discovery. In support of their Stipulation, the Parties state as follows:

WHEREAS, This Court's Initial Scheduling Order sets the deadline for discovery cut off in this case at three hundred and sixty five days from the date of the Second Amended Complaint. (ECF 48);

WHEREAS, The Second Amended Complaint was served on January 10, 2017 (ECF 46), making the discovery cut off in this case January 10, 2018;

WHEREAS, The Parties have been actively engaged in discovery in this matter, endeavoring to complete discovery before the Court's deadline. Defendant served Special Interrogatories and Requests for Production. Plaintiff responded to those Requests, and is in the process of locating and producing responsive documents. Plaintiff served Special Interrogatories, Requests for Production and Requests for Admission. Defendant responded to those Requests, and the Parties have been meeting and conferring over the scope of those requests while Defendant is in the process of rolling out production of documents. Defendant's document production has taken the parties longer than they anticipated while they negotiated a stipulated protective order; have met and conferred over perceived deficiencies; and while Plaintiff and Defendant worked to resolve a technical issue that prevented Plaintiff from being able to access Defendant's electronic production;

WHEREAS, the Parties also noticed depositions, with the intention of completing the process before the discovery cut off. Defendant has noticed Plaintiff's deposition; and Plaintiff has noticed the deposition of various Omnicare witnesses. Due to the delay in document production, however, these depositions could not be noticed until recently;

WHEREAS, unexpectedly, the depositions on both sides had to be taken off calendar because Ms. Ervin experienced a medical condition requiring surgery and a six to eight week recovery period. Ms. Ervin is still recovering from that surgery. Defendant's lead trial counsel, Jennifer Zargarof, also had a medical condition requiring surgery, which took place on November 27, 2017 and which will entail an expected three week recovery period;

WHEREAS, as a result of these unforeseen circumstances, the Parties will be unable to complete the depositions in this case until after the January 10, 2018 discovery cut off. The Parties are aware that the Court's standing order indicates that "unavailability" generically does not constitute good cause for moving a deadline; but the Parties believe that the circumstances here are unique (given that both sides experienced unexpected medical emergencies that have rendered Plaintiff and Defendant's lead counsel both presently unable to participate in the case) and go beyond generic unavailability;

WHEREAS, additionally, the Parties also wish to explore potential mediation of this case. However, due to the same circumstances described above, they have been unable to put the case in a position for mediation. The Parties' request to move the discovery cut off would also allow them time to set and participate in a potential mediation.

NOW THEREFORE, the Parties have stipulated and agreed as follows, subject to approval by the Court:

1. That the discovery cut off in this case be moved ninety (90) days to April 28, 2018.

Dated: December 1, 2017

SIDLEY AUSTIN LLP

By: */s/ Aimee G. Mackay*
Jennifer B. Zargarof
Aimee G. Mackay
Attorneys for Defendant
OMNICARE, INC., a corporation

1 | Dated: December 1, 2017
2 | THYBERGLAW
3 |
4 | By: */s/ Gregory A. Thyberg (as authorized Dec. 1, 2017)*
    Gregory A. Thyberg
    Attorneys for Plaintiff
5 | DARLENE ERVIN
6 |
7 | IT IS SO ORDERED.
8 | Dated: December 4, 2017
9 |
10 | _____
     MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE