Jennifer B. Zargarof (SBN 204382)
jzargarof@sidley.com
Aimee G. Mackay (SBN 221690)
amackay@sidley.com
SIDLEY AUSTIN LLP
555 West 5th St., Suite 4000
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Attorneys for Defendant
OMNICARE, INC., a corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE ERVIN, | Civ. No. 2:13-cv-0146-MCE-KJN |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| OMNICARE, INC., a corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED and agreed by and between counsel for Plaintiff Darlene Ervin ("Ervin" or "Plaintiff") and Defendant Omnicare, Inc. ("Defendant" or "Omnicare") (collectively, "the Parties") that, upon the Court's approval, the terms and conditions of a Stipulated Protective Order should be entered as follows:

1. PURPOSES AND LIMITATIONS

The Parties acknowledge that discovery in this action is likely to involve the production of confidential, proprietary, and/or private information (collectively, and as hereinafter defined in Section 2.2, "confidential information"[1]) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Among other things, the Parties specifically recognize that documents discoverable in this action could include protected health information ("PHI"), as defined in 45 C.F.R. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("the Order") under Civil Local Rule 141.1. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

---

[1] Such information includes (but is not limited to) information protected by the United States Constitution, the Constitution of the State of California, the Health Insurance Portability and Accountability Act (HIPAA) and the Privacy Rule, 42 U.S.C. §§1320d-5 et seq., 45 C.F.R. §§ 160 et seq., 42 U.S.C. §290dd-2(g) and its implementing regulations, 42 C.F.R. Part 2), and California law (including, but not limited to, California Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §§ 56 et seq.). Accordingly, this Order is intended by the Parties to be a qualified protective order pursuant to 45 C.F.R. § 164.512(e)(v).

## 2. DEFINITIONS

2.1 "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to PHI and individually identifiable health information, as defined herein.

2.3 Counsel (without qualifier): Outside Counsel of Record and counsel for Plaintiff (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 Individually Identifiable Health Information: information that is a subset of health information, including demographic information collected from an individual, and (a) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (b) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and (i) which identifies the individual; or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of any party to this action but who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 "PHI": Co-extensive with the definition contained at 45 C.F.R. § 160.103, PHI in this action means individually identifiable health information (as defined in Section 2.7, above) that is (a) transmitted by electronic media; (b) maintained in electronic media; or (c) transmitted or maintained in any other form or medium.

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, such Designating Party must promptly notify all other Parties that it will withdraw the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, any transcript will automatically be treated by the Parties as "CONFIDENTIAL" for a period of thirty (30) days following completion of the transcript by the reporter, during which time any Party believing that any testimony or other material contained therein should remain "CONFIDENTIAL" shall notify each other Party as to which portions it will designate as "CONFIDENTIAL." Any portions or other material not so designated by any Party will lose the "CONFIDENTIAL" designation at the end of this thirty (30) day period.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the court and its personnel;

(b) Experts (as defined in this Order), professional jury or trial consultants, mock jurors, and/or Professional vendors of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the HIPAA-compliant "Business Associate Agreement Regarding Protected Health Information" (setting forth obligations pursuant to 45 C.F.R. 164.502(e)) (Exhibit B);

(c) court reporters and their staff and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," (Exhibit A);

(d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; or

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

///

8
STIPULATED PROTECTIVE ORDER
CASE NO. 2:13-CV-0146-MCE-KJN

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LEGAL PROCEEDINGS

If a Party is served with a subpoena, court order, or other request issued in other legal proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party so that the Designating Party may seek a protective order or other appropriate relief. Such notification shall include a copy of the subpoena, court order or request;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other legal proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information belonging to a Non-Party in this action and designated as "CONFIDENTIAL." Such information belonging to Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If the Receiving Party requests production of a Non-Party's confidential information following the inspection described above, then the Parties will follow the procedures outlined in the second paragraph of Section 5.2(a) regarding the marking of such information as CONFIDENTIAL for purposes of this litigation.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue should be sealed pursuant to statue or other authority. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: February 21, 2018

SIDLEY AUSTIN LLP

By: */s/ Jennifer B. Zargarof*
Jennifer B. Zargarof
Aimee G. Mackay
Attorneys for Defendant
OMNICARE, INC., a corporation

Dated: February 21, 2018

THYBERGLAW

By: */s/ Gregory A. Thyberg*
Gregory A. Thyberg
Attorneys for Plaintiff
DARLENE ERVIN

IT IS SO ORDERED.

Dated: February 22, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**ATTORNEY ATTESTATION**

I, JENNIFER B. ZARGAROF, am the ECF User whose ID and password are being used to file this STIPULATED PROTECTIVE ORDER. I have obtained concurrence in and authorization of the filing of this document from Gregory A. Thyberg. I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: February 21, 2018

SIDLEY AUSTIN LLP

By: */s/ Jennifer B. Zargarof*
       Jennifer B. Zargarof

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of Darlene Ervin v. Omnicare, Inc., United States District Court for the Eastern District, Case No. 2:13-cv-0146-MCE-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____

# EXHIBIT B

## BUSINESS ASSOCIATE AGREEMENT
## REGARDING PROTECTED HEALTH INFORMATION

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Darlene Ervin v. Omnicare, Inc.*, United States District Court for the Eastern District, Case No. 2:13-cv-0146-MCE-KJN and agree as a condition of acting as an independent expert witness, independent consultant, or provider of specialized services or advice to counsel (collectively herein, "Signatory") in connection with this action, that I will follow and be bound by the following terms:

1. <u>Obligations of Signatory with Respect to Use and Disclosure of Protected Health Information</u>

   A.     Signatory shall not use or disclose Protected Health Information ("PHI") except to provide services in connection with this action.

   B.     Signatory agrees to ensure that any agent (including, without limitation, a subcontractor) to whom it provides PHI agrees to the same requirements that apply through this Agreement to Signatory with respect to such information. Signatory shall be liable to the party(ies) or person(s) that produced the PHI ("Producing Party") for any acts, failures or omissions of the agent or subcontractor providing the services as if they were Signatory's own acts, failures or omissions, to the extent permitted by law.

   C.     Signatory agrees to report any use or disclosure of PHI not permitted by this Agreement and any Successful Security Incident (each a "potential breach") to counsel of record in this action for the party that retained Signatory ("Retaining Counsel") immediately, but in no event later than within two (2) business days, after it is discovered (within the meaning of 45 CFR 164.410(a)(2)), and Retaining Counsel, in turn, shall pass on any such report to counsel of record in this action for the Producing Party within one (1) business day of receiving such report from Signatory. Signatory shall provide the information concerning the potential breach as required by 42

15
STIPULATED PROTECTIVE ORDER
CASE NO. 2:13-CV-0146-MCE-KJN

U.S.C. § 17932, 45 CFR 164.410(c), and other information reasonably required by Producing Party to determine whether a breach has occurred, including Signatory's own risk assessment to determine whether a breach has occurred. If such information is not available to Signatory at the time the potential breach is required to be reported, Signatory shall provide such information promptly as it becomes available. Producing Party shall have the sole discretion to determine whether a breach has occurred and, if so, whether the required notifications, including to media, as applicable, and the Secretary of the Department of Health and Human Services, as required under the HIPAA Rules, will be provided by Producing Party or Signatory. If Producing Party determines that notifications shall be made by Signatory, Signatory shall make such notifications in the time and manner specified by the HIPAA Rules and shall obtain Producing Party's prior approval of the contents of all such notifications before they are provided. The Signatory shall maintain complete records regarding the potential or actual breach for the period required by 45 CFR 164.530(j) or such longer period required by state law, and shall make such records available to Producing Party promptly upon request, but in no event later than within forty-eight (48) hours. Signatory shall be responsible for all costs incurred in connection with the potential breach, including but not limited to, any notifications and mitigation activities that Producing Party determines to be necessary or appropriate.

2. Security of PHI

A. Signatory agrees to implement appropriate administrative, physical and technical safeguards to prevent the unauthorized use and disclosure of PHI, and to protect the confidentiality, integrity, and availability of Electronic PHI, as required by the HIPAA Rules. Without limiting the foregoing, Signatory agrees to comply with the requirements of 45 CFR § 164.308, 164.310, 164.312, and 164.316, as may be amended and interpreted in guidance from time to time.

B. Signatory agrees, to the extent practicable, to secure all PHI at rest, in motion or in use. Without limiting the foregoing, Signatory agrees in all cases to secure all electronic PHI in motion and all electronic PHI placed or stored on portable devices, and to dispose of all PHI in a secure manner, including the permanent removal of all PHI from electronic media and hard disks,

whether on fax, copier, computer, portable device or otherwise, before making such electronic media available for re-use.

    C. Signatory agrees that neither it nor any of its agents or subcontractors will place PHI on portable computing/storage devices which are not owned by Signatory. Signatory shall ensure that data files containing PHI are not saved in public or private computers while accessing corporate e-mail through the Internet.

    3. <u>Indemnification and Liability</u>

    A. Signatory will indemnify and hold harmless Producing Party and any of its or their officers, directors, employees, or agents from and against any claim, cause of action, liability, damage, cost or expense, including reasonable attorneys' fees and court or proceeding costs, arising out of or in connection with any breach of the terms of this Agreement, any breach of PHI under the control of Signatory or its agents or subcontractors that requires notification under the HIPAA Rules or state law, or any failure to perform its obligations with respect to PHI by Signatory, its officers, employees, agents or any person or entity under Signatory's direction or control.

    B. In the event of a breach of PHI under the control of Signatory or its agents or subcontractors, Signatory agrees to perform any reasonable mitigation or remediation services requested by Producing Party, and Signatory agrees to be responsible for the following costs by Producing Party: (i) reasonable cost of providing required notice to individuals affected by the breach of PHI; (ii) reasonable cost of providing required notice to government agencies, credit bureaus and/or other required entities; (iii) cost of providing individuals affected by the breach of PHI with credit protection services designed to prevent fraud associated with identity theft crimes for a specific period not to exceed twelve (12) months, except to the extent applicable law specifies a longer period for such credit protection services, in which case such longer period shall then apply; (iv) costs of providing reasonable call center support for such affected individuals for a specific period not less than ninety (90) days, except to the extent applicable law specifies a longer period of time for such call center support, in which case such longer period shall then apply; (v) reasonable fees associated with computer forensics work required for investigation activities related or relevant

to the breach of PHI; (vi) non-appealable fines or penalties assessed by governments or regulators; (vii) reasonable costs or fees associated with any obligations imposed by applicable law, including HIPAA, in addition to the costs and fees defined herein; and (viii) any other costs and expenses to undertake any other action both parties to this action agree to be an appropriate response to the circumstances arising out of or in connection with any breach of PHI.

4. <u>Miscellaneous</u>

A. Signatory agrees that remedies at law for a violation of the terms of this Agreement may be made inadequate and that monetary damages resulting from such violation may not be readily measured. Accordingly, in the event of a violation by Signatory of the terms of this Agreement, Producing Party shall be entitled to immediate injunctive relief. Nothing herein shall prohibit Producing Party from pursing any other remedies that may be available to it for such violation

B. Signatory agrees that all actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in federal court in United States District Court for the Eastern District of California, and, if federal jurisdiction is lacking, California State Court. The Signatory waives any available jurisdictional defenses as they pertain to the parties' obligations under this Agreement or applicable law.

Date: _____

Printed name: _____

Signature: _____